UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-61362-CIV-ROSENBAUM/HUNT

THE SAVINGS BANK LIFE INSURANCE
COMPANY OF MASSACHUSETTS,

       Plaintiff,

v.

SUSAN BRIDGE CARR, *as trustee of the Susan Bridge Carr Revocable Trust 2011*,
GARDINER BRIDGE, *as trustee of the Susan Bridge Carr Revocable Trust 2011*,
MILFORD NATIONAL BANK & TRUST CO., *as trustee of the Susan Bridge Carr Revocable Trust 2011*, ROBERT T. EVERSON, JR., *individually and as trustee of the Wendy Moore Revocable Trust dated May 14, 2004*,

       Defendants.
_____/

## AMENDED ORDER GRANTING IN PART MOTION TO DEPOSIT INSURANCE POLICY PROCEEDS, FOR AN AWARD OF ATTORNEY'S FEES AND COSTS, AND DISMISSAL FROM THE ACTION

This matter is before the Court upon Plaintiff Savings Bank Life Insurance Company of Massachusetts's Motion to Deposit Insurance Policy Proceeds, for an Award of its Attorney's Fees and Costs, and to be Dismissed from this Action [ECF No. 12]. On December 27, 2013, the Court issued an Order granting in part and denying in part Plaintiff's Motion. ECF No. 27. The Court determined that Plaintiff Savings Bank Life Insurance Company of Massachusetts, ("SBLI"), was not entitled to an award for fees and costs on those portions of the claims that arise out of SBLI's normal course of business and are therefore foreseeable. *Id.* at 2-3. The Court nevertheless

determined that fees and costs associated with the substitute service effectuated on Defendant Robert T. Everson, Jr.—whose current whereabouts are unknown after he posted bond and was released from custody on charges of manslaughter—is a type of cost that does not ordinarily arise out of SBLI's course of business. *Id.* at 4. The Court therefore directed SBLI to file with the Court time sheets and other documentation showing fees and costs associated with service of process on Defendant Robert T. Everson, Jr., and SBLI's compliance with the December 27, 2013, Order. *Id.* at 5.

On January 25, 2014, SBLI filed time sheets and other documentation asserting that it was entitled to a fees-and-costs award of $3,487.68. ECF No. 30. This award consists of $2,796.20 in attorney's fees,[1] $50.00 for the process-server fee, and $641.48 for the fee associated with service by publication in the *Daily Business Review*. ECF No. 30-2 at 3, § 8. The Court deems this award reasonable, and SBLI may deduct $3,487.68 in fees and costs from the $105,280.58 in policy proceeds with interest[2] that it is to deposit with the Court, yielding a net amount of $101,792.20.

SBLI also asks the Court to enjoin and restrain Defendants from commencing or prosecuting any proceeding in any state or federal court affecting the policy proceeds after they have been

---

[1] SBLI's counsel charged SBLI a flat rate of $13,000.00 for its representation, from which SBLI's counsel paid $1,091.48 in costs, yielding net attorney's fees of $11,908.52. ECF No. 30-2 at 3, § 8. Counsel performed 72.4 hours of work on the case at an effective hourly rate of approximately $164.49. *Id.* Of those 72.4 hours, only 17 hours were work related to service on Defendant Robert T. Everson, Jr. *Id.* at 9-14. Counsel's pro rata recoverable attorney's fees are thus $2,796.20.

[2] The total proceeds due at death were $99,009.10, and this amount accrues interest at the rate of 4.00%, or approximately $10.85 per day. ECF No. 30-1 at 7, ¶¶ 2, 3. The policy has therefore accrued $6,271.48 in interest through February 21, 2014, or 578 days after the date of death, July 24, 2012, calculated as $99,009.10 x .04 x (578/365). The total proceeds with interest are thus $105,280.58.

interpled, pursuant to 28 U.S.C. § 2361. ECF No. 12 at 3. Section 2361 allows a district court to "restrain[] [claimants] from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court." 28 U.S.C. § 2361. In addition, a district court "may discharge the plaintiff from further liability." *Id.* When, as here, the fund itself is claimants' target and delineates the outer limits of the controversy, it is "reasonable and sensible that interpleader, in discharge of its office to protect the fund, should also protect the stakeholder from vexatious and multiple litigation. In this context, the suits sought to be enjoined are squarely within the language of 28 U.S.C. s 2361." *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 534 (1967).

District courts have "'extensive discretion under Section 2361 with regard to the issuance and the scope of the order' . . . . [but] must proceed with circumspection and keep in mind that 'any order that does issue, must not be overbroad,' should be tailored so as to serve the purpose of the federal interpleader statute (i.e., protection of disinterested stakeholders), and should only 'extend to litigation involving the fund that is the subject matter of the interpleader.'" *Orseck, P.A. v. Servicios Legales De Mesoamerica S. De R.L.*, 699 F. Supp. 2d 1344, 1351 (S.D. Fla. 2010) (quoting *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1264 (11th Cir. 2009); *Star Ins. Co. v. Cedar Valley Express, LLC*, 273 F. Supp. 2d 38, 42 (D.D.C. 2002)). Accordingly, it is appropriate to grant SBLI's motion to enjoin Defendants from commencing new state or federal proceedings concerning the interpled proceeds.

Therefore, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Savings Bank Life Insurance Company of Massachusetts's Motion to Deposit Insurance Policy Proceeds, for an Award of its Attorney's Fees and Costs,

and to be Dismissed from this Action [ECF No. 12] is **GRANTED IN PART;**

2. Plaintiff Savings Bank Life Insurance Company of Massachusetts shall deposit into the Court's registry $101,792.90 on or before March 3, 2014;

3. The Court will separately dismiss Plaintiff Savings Bank Life Insurance Company of Massachusetts and discharge Plaintiff from any liability to Defendant with respect to the instant insurance policy upon deposit of the interpleader funds;

4. Upon deposit of the interpleader funds, Defendants Susan Bridge Carr, Gardiner Bridge, Milford National Bank & Trust, Co., and Robert T. Everson, Jr., shall be restrained and enjoined from instituting or prosecuting any separate proceeding in any state or federal court affecting, or determining rights to, the disputed funds at issue in this interpleader action.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 21st day of February 2014.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record